# Exhibit A



**Notice of Service of Process**

DB2 / PERINJ
Transmittal Number: 20519458
Date Processed: 10/10/2019

| | |
|---|---|
| **Primary Contact:** | Ronald A. Robins Jr.<br>Big Lots, Inc.<br>4900 E Dublin Granville Rd<br>Westerville, OH 43081-9721 |
| **Electronic copy provided to:** | Kim Thacker<br>Shelly Duncan<br>David Campbell<br>Amber Dove<br>Tara Charnes |

| | |
|---|---|
| **Entity:** | Big Lots Stores, Inc.<br>Entity ID Number 1700639 |
| **Entity Served:** | Big Lots |
| **Title of Action:** | Dawn Pierre vs. Big Lots Stores, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 19-C-07204-S5 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 10/09/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Eric L. Jensen<br>404-842-9380 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
19-C-07204-S
10/2/2019 1:56 PM

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

CLERK OF STATE COURT

Dawn Pierre c/o Jensen Law

6111 Peachtree Dunwoody Rd. Ste. G201

Atlanta, GA 30328

PLAINTIFF

CIVIL ACTION
NUMBER: **19-C-07204-S5**

VS.

Big Lots c/o Corporation Service Co.

40 Technology Parkway, S., Ste. 300

Norcross, GA 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric L. Jensen
6111 Peachtree Dunwoody Rd.
Ste. G201
Atlanta, GA 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___**2ND**___ day of ___**OCTOBER**___, 20__**19**__.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAWN PIERRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. **19-C-07204-S5** |
| BIG LOTS STORES, INC. | ) |
| AND JOHN DOES 1-3, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, Dawn Pierre, files her Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Defendant Big Lots Store, Inc. ("Big Lots") is a foreign corporation existing under the laws of Ohio with its principal place of business in Ohio. Big Lots is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Big Lots is subject to the jurisdiction of this Court. Venue is proper.

2.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

4.

On February 14, 2018, Plaintiff was an invitee at the Big Lots store located at 2842 Chapel Hill Road, Douglasville, Georgia 30135.

5.

On February 14, 2018, Plaintiff entered the subject Big Lots store through the automatic sliding doors at the front of the store.

6.

As she entered the store, she tripped over the rug at the entrance of the store.

7.

After her fall, Plaintiff realized the doors caught the rug at the entrance causing it to fold over and creating a hazard.

8.

Big Lots knew a hazardous condition existed on the common areas and entrance and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no signs or other warnings in the area where Plaintiff fell of the hazardous condition that existed at the time of her fall.

10.

As a result of Plaintiff's fall, she suffered serious injuries.

11.

Plaintiff's fall was caused solely by Defendants' negligence.

12.

Defendants were negligent because they failed to maintain, inspect, and clean the area where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

13.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

14.

Plaintiff was an invitee on the Property at the time of the fall.

15.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

16.

Defendants failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

17.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

19.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      a.    Medical expense;

      b.    Pain and suffering;

      c.    Mental anguish; and

      d.    Diminished quality of life.

20.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| **Douglas County EMS** | **$ 539.20** |
| **Wellstar Douglas Hospital** | **$ 8,599.00** |
| **Bortolazzo Group** | **$ 1,180.00** |
| **Quantum Radiology** | **$ 374.00** |
| **Core Chiropractic** | **$ 5,725.00** |
| **Stand Up MRI of Tallahassee** | **$ 4,800.00** |
| **Center for Spine Intervention** | **$ 1,320.00** |
| **Roush Spine** | **$ 28,991.96** |
| **Tallahassee Pain Solutions** | **$ 875.68** |
| **Deerfield Beach Outpatient Surgical Center** | **$ 50,500.00** |
| **Del Risco Anesthesiology** | **$ 3,850.00** |
| **Elite Medical Equipment** | **$ 400.00** |
| **Millennium DME Sales** | **$ 2,500.00** |
| **Select Orthopaedic Associates** | **$ 1,267.00** |
| **TOTAL SPECIAL DAMAGES** | **$ 110,921.84** |

21.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

4

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $110,921.84, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

22.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

23.

At all times relevant to this action, John Does and/or employed individuals of Big Lots (collectively referred to as "Agents"), were responsible for inspecting and maintaining the area where Plaintiff fell.

24.

Defendant Big Lots is responsible for the conduct of the Agents under the doctrines of *respondeat superior*, agency or apparent agency.

25.

The Agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

26.

The Agents failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

27.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

28.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants, to compensate her for the following elements of damage:

      e.      Medical expense;

      a.      Pain and suffering;

      b.      Mental anguish; and

      c.      Diminished quality of life.

29.

As a proximate result of the Agents' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| **Douglas County EMS** | $ 539.20 |
| **Wellstar Douglas Hospital** | $ 8,599.00 |
| **Bortolazzo Group** | $ 1,180.00 |
| **Quantum Radiology** | $ 374.00 |
| **Core Chiropractic** | $ 5,725.00 |
| **Stand Up MRI of Tallahassee** | $ 4,800.00 |
| **Center for Spine Intervention** | $ 1,320.00 |
| **Roush Spine** | $ 28,991.96 |
| **Tallahassee Pain Solutions** | $ 875.68 |
| **Deerfield Beach Outpatient Surgical Center** | $ 50,500.00 |
| **Del Risco Anesthesiology** | $ 3,850.00 |
| **Elite Medical Equipment** | $ 400.00 |
| **Millennium DME Sales** | $ 2,500.00 |
| **Select Orthopaedic Associates** | $ 1,267.00 |
| **TOTAL SPECIAL DAMAGES** | $ 110,921.84 |

30.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$110,921.84**, for general damages, for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

32.

Big Lots is required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

33.

Big Lots is required to train its Agents concerning safety procedures for inspecting, repairing and maintaining the premises.

34.

Big Lots is negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

7

35.

Big Lots is negligent for failing to train its Agents concerning safety procedures for inspecting and maintaining the premises.

36.

Big Lots was negligent in the training and supervising of its Agents.

37.

As a result of Big Lots' negligence, Plaintiff was injured.

38.

As a result of Big Lots' negligence in training and supervising its Agents, Plaintiff was injured.

39.

As a direct and proximate result of Big Lots' negligent hiring and supervision, Plaintiff is entitled to monetary damages from Big Lots to compensate her for the following elements of damage:

      a.    Medical expense;

      b.    Pain and suffering;

      c.    Mental anguish; and

      d.    Diminished quality of life.

40.

As a proximate result of Big Lots' negligence, Plaintiff suffered special damages no less than as follows:

| Douglas County EMS | $ 539.20 |
|---|---|
| Wellstar Douglas Hospital | $ 8,599.00 |
| Bortolazzo Group | $ 1,180.00 |
| Quantum Radiology | $ 374.00 |

8

| | |
|---|---|
| Core Chiropractic | $ 5,725.00 |
| Stand Up MRI of Tallahassee | $ 4,800.00 |
| Center for Spine Intervention | $ 1,320.00 |
| Roush Spine | $ 28,991.96 |
| Tallahassee Pain Solutions | $ 875.68 |
| Deerfield Beach Outpatient Surgical Center | $ 50,500.00 |
| Del Risco Anesthesiology | $ 3,850.00 |
| Elite Medical Equipment | $ 400.00 |
| Millennium DME Sales | $ 2,500.00 |
| Select Orthopaedic Associates | $ 1,267.00 |
| TOTAL SPECIAL DAMAGES | $ 110,921.84 |

41.

Defendants have been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than **$110,921.84**, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

*(Signature on following page.)*

9

This the 3rd day of September, 2019.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**19-C-07204-S**
**10/2/2019 1:56 PI**

*Autand J. Alves*
CLERK OF STATE COUR

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAWN PIERRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. **19-C-07204-S5** |
| BIG LOTS STORES, INC. | ) |
| AND JOHN DOES 1-3, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S CERTIFICATE REGARDING SERVICE OF DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, counsel certifies that he served on this day

the following discovery:

1)    Plaintiff's First Interrogatories to Big Lots Stores, Inc.

2)    Plaintiff's First Request for Production of Documents to Big Lots Stores, Inc.

3)    Plaintiff's First Request for Admissions to Big Lots Stores, Inc.

This the 2nd day of October, 2019.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served a copy of the foregoing Certificate Regarding

Service of Discovery via Sheriff and/or process server's service, to the following:

Big Lots Stores, Inc.
c/o Corporation Service Company
40 Technology Parkway S., Ste. 300
Norcross, GA 30092

This the 2ⁿᵈ day of October, 2019.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

2

ORIGINAL

CIVIL ACTION NO. ___19C07204S5_____

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

DATE FILED _____

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Jensen Law, LLC

6111 Peachtree Dunwoody Rd. Bldg. G, Ste. 201
Atlanta, GA 30328

404-842-9380

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Big Lots Stores, Inc. c/o Corporation Service Co.

40 Technology Parkway, S. Suite 300
Norcross, GA 30092

Dawn Pierre

**PLAINTIFF(S)**
VS.

Big Lots Store, Inc. and John Does 1-3
**DEFENDANT(S)**

**GARNISHEE**

Other attached documents to be served: _____

**SHERIFF'S ENTRY OF SERVICE**
I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**  Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation _____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____ , its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This _____1_____ day of _____, 20____.

SHERIFF DOCKET_____ PAGE_____

TIME: _____ . M.

_____
DEPUTY

Q:\Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DAWN PIERRE,                              )
                                          )
        Plaintiff,                        )
                                          )       CIVIL ACTION
v.                                        )
                                          )       FILE NO.
BIG LOTS STORES, INC.                     )
AND JOHN DOES 1-3,                        )
                                          )
        Defendants.                       )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO BIG LOTS STORES, INC.

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Big Lots

Stores, Inc. ("Big Lots") admit the matters set forth below, or deny same in writing, within forty-

five (45) days from the date of service hereof.  The definitions and instructions in Plaintiff's First

Interrogatories and Requests for Production of Documents to Big Lots are incorporated herein by

reference.

Big Lots is requested to admit that:

1.

The Big Lots location that is the subject of the action is located at 2842 Chapel Hill Road,

Douglasville, Georgia 30135.

2.

Big Lots may be served with a copy of the summons and Complaint in this action through

its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300,

Norcross, Georgia 30092.

3.

Big Lots is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court.

5.

On February 14, 2018, Plaintiff was an invitee at the Big Lots store located at 2842 Chapel Hill Road, Douglasville, Georgia 30135.

6.

On February 14, 2018, Plaintiff entered the subject Big Lots store through the automatic sliding doors at the front of the store and tripped on the rug located at the entrance.

7.

After her fall, Plaintiff realized the doors caught the rug at the entrance causing it to fold over and creating a hazard.

8.

Big Lots knew a hazardous condition existed on the common areas and entrance and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no signs or other warnings in the area where Plaintiff fell of the hazardous condition that existed at the time of her fall.

10.

Big Lots caused this incident by failing to maintain and/or inspect the Premises clean or otherwise secure the rug which caused Plaintiff's fall.

11.

Big Lots had a duty to exercise ordinary care to keep the Premises safe for invitees.

12.

Plaintiff's fall was caused solely by Big Lots' negligence.

13.

Big Lots employed individuals ("Agents") responsible for inspecting, and maintaining the area where Plaintiff fell.

14.

Big Lots is responsible for the conduct of the Agents under the doctrine of *respondeat superior*, agency, or apparent agency.

15.

The Agents had a duty to exercise ordinary care to keep the premises and approaches safe for invitees, including the area of Plaintiff's fall.

16.

Big Lots is required to perform appropriate inspection, cleaning, and maintenance on the Premises.

17.

Big Lots' employees were responsible for inspecting, repairing and maintaining the Premises.

18.

Big Lots is required to adopt policies and procedures to ensure that the appropriate inspection, cleaning and maintenance are performed on the Premises.

19.

Big Lots is required to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning and maintenance are performed on the Premises.

20.

Big Lots failed to perform appropriate inspection, cleaning and maintenance on the Premises on the date of the incident at issue.

21.

Big Lots failed to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning and maintenance were performed on the Premises on the date of the incident at issue.

22.

Big Lots was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

23.

Big Lots was negligent in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the Premises.

24.

As a result of Big Lots' negligence in training and supervising its employees, Plaintiff was injured on February 14, 2018.

25.

As a direct result of Big Lots' negligent actions, Plaintiff suffered severe injuries.

26.

As a proximate result of Big Lots' negligent actions, Plaintiff suffered severe injuries.

27.

As a direct result of Big Lots' negligent actions, Plaintiff suffered emotional injuries.

28.

As a proximate result of Big Lots' negligent actions, Plaintiff suffered emotional injuries.

29.

As a direct result of Big Lots' negligent actions, Plaintiff suffers continuing pain.

30.

As a proximate result of Big Lots' negligent actions, Plaintiff suffers continuing pain.

31.

As a direct result of Big Lots' negligent actions, Plaintiff suffers continuing discomfort.

32.

As a proximate result of Big Lots' negligent actions, Plaintiff suffers continuing discomfort.

33.

As a direct result of Big Lots' negligent actions, Plaintiff has incurred medical expenses.

34.

As a direct result of Big Lots' negligent actions, Plaintiff will continue to incur medical expenses.

35.

As a proximate result of Big Lots' negligent actions, Plaintiff has incurred medical expenses.

**36.**

As a proximate result of Big Lots' negligent actions, Plaintiff will continue to incur medical expenses.

**37.**

Plaintiff is entitled to recover all damages suffered as a result of the incident described in the Complaint in this matter.

**38.**

Plaintiff is entitled to monetary damages from Big Lots to compensate her for past and future medical expense.

**39.**

Plaintiff is entitled to monetary damages from Big Lots to compensate her for past and future pain and suffering.

**40.**

As a proximate result of Big Lots' negligence, Plaintiff suffered special damages.

**41.**

Big Lots has been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

*(Signature on following page.)*

This the 30 day of September, 2019.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DAWN PIERRE,                    )
                               )
        Plaintiff,             )
                               )        CIVIL ACTION
v.                             )
                               )        FILE NO.
BIG LOTS STORES, INC.          )
AND JOHN DOES 1-3,             )
                               )
        Defendants.            )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BIG LOTS STORE, INC.

COMES NOW Plaintiff and serves her first Interrogatories on Defendant Big Lots, Inc., Inc. ("Big Lots"). Big Lots is required to respond to the following Interrogatories under oath within forty-five (45) days from the date of service of these Interrogatories upon it.

## DEFINITIONS

The following definitions shall apply to these Interrogatories:

A.    "You" and "your" shall mean and refer to Big Lots, all its agents, employees, attorneys, accountants, subsidiary or affiliated corporations, representatives or other persons acting or purporting to act on its behalf.

B.    "Person" shall mean and include any natural person, firm, partnership, trust, estate, association, corporation, proprietorship, joint venture, governmental body, governmental agency or commission or any other organization or entity whether or not recognized as such by law.

C.    "Document" is intended to have the broadest permissible meaning under the Civil Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving statements, images, sounds, and/or any other form of information, whether printed or recorded or reproduced by any mechanical or electronic process, or written or produced by hand, books,

magazines, pamphlets, bulletins, publications, letters, emails, tweets, Facebook, Myspace, or other social networking messages, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

D.     "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes" or "comments upon."

E.     "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

F.     "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

G.     "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control"

meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.   "Identify" means and requires Big Lots to provide the following information:

(a)   With respect to each natural person:

(1)   The person's full name;

(2)   The person's last known home address and telephone number;

(3)   The person's last known business address and telephone number;

(4)   The name of the person's last known employer or business affiliation; and

(5)   The person's last known title or business position.

(b)   With respect to a person other than a natural person:

(1)   Name;

(2)   Place of incorporation, or location of where certificates of partnership or association are filed; and

(3)   Principal place of business.

(c)   With respect to a document, either:

(1)   Produce the document pursuant to O.C.G.A. § 9-11-34; or

(2)   Identify the author, date, recipient and type of document.

## INTERROGATORIES

### 1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

### 2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

### 3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

### 4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Please identify each person working on the premises with any duties for or related to the area where this incident occurred on the date of or at any time prior to the incident at issue.

6.

Has any entity issued a policy of liability insurance to you that would apply to the incident at issue? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

8.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

9.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

10.

Please state in detail any policies and procedures concerning the inspection, cleaning, maintenance, or repair of the area where this incident occurred.

11.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

12.

Please identify each and every person working for you or on your behalf on the premises where this incident occurred at any time, including the person's name, current address, current employer and telephone number.

13.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

14.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident. In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

## 15.

Have there been any audits, inspections or evaluations of the specific area at issue in this incident prior to or subsequent to the date of the incident?

## 16.

Are there any individuals or entities not named as parties to this action that you believe are liable or could be liable for Plaintiff's injuries and damages such that you would seek to apportion damages to said individual or entity at trial? If there are, please identify all such individuals and/or entities.

## 17.

Identify the person or persons responsible for preparing your responses to these Interrogatories, and identify each person who was consulted, and each document referred to, and the process of preparing such responses.

## 18.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

## 19.

Identify your policies and procedures with regard to ensuring that floor in the entrance area of Big Lots is safe for invitees.

20.

Identify whether or not any employee or agent of Big Lots was notified of the unsecured rug at any point prior to Plaintiff's fall. If so, please state who reported the condition, what was said, when the condition was reported, and any action taken in response.

21.

Identify any citations, warnings, reprimands, suits, causes of action or other similar notices you have received in the last five years regarding violation of any local, state, and/or federal codes, rules, laws, or regulations.

22.

Identify any and all lawsuits you have been a party to in Georgia in the last 7 years. State the parties, jurisdiction, brief description of the claims at issue, and the outcome.

23.

Please state what steps you have taken to preserve evidence in accordance with the February 14, 2018 spoliation letter mailed to your offices.

This the 3 day of September, 2019.

Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DAWN PIERRE,                          )
                                      )
        Plaintiff,                    )
                                      )     CIVIL ACTION
v.                                    )
                                      )     FILE NO.
BIG LOTS STORES, INC.                 )
AND JOHN DOES 1-3,                    )
                                      )
        Defendants.                   )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BIG LOTS STORES, INC.

COMES NOW Plaintiff and serves her first requests for production of documents on Defendant Big Lots Stores, Inc. pursuant to O.C.G.A. § 9-11-34. Big Lots is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiff, Jensen Law, LLC, 6111 Peachtree Dunwoody Road, Building G, Suite 201, Atlanta, Georgia 30328 no later than forty-five (45) days after the date of service.

Big Lots is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. Plaintiff refers to and incorporates the "Definitions" provided in her first Interrogatories to Big Lots.

Please produce the following:

1.

Any invoices, inspection reports, receipts, change orders, work orders, spreadsheets, computer documents or other similar records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff was injured for the past five years.

2.

All statements or reports collected referencing the incident at issue.

3.

All videotapes, photographs, plats or drawings depicting the incident and/or area at issue.

4.

Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatories 1, 2, and/or 9.

5.

Any documents obtained through a request for production of documents or subpoena in relation to this case.

6.

Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to Interrogatories 10, 18, or 19.

7.

Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory 13.

8.

Any incident report or other report concerning the incident described in the complaint.

9.

Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

10.

Any and all leases or contracts with outside contractors or agencies for performance of maintenance services for the area where the subject incident occurred.

11.

Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the subject incident.

12.

Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

13.

Any surveillance videos taken on the day of the incident.

*(Signature on following page.)*

This the ⸮⸮ day of September, 2019.

Eric L. Jensen
Georgia Bar No. 391259
Ellis C. Liu
Georgia Bar No. 443689
Steven A. Miller
Georgia Bar No. 154011
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110